

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WISAM ABLAHAD ASSO, AKA Pioter Violgos, | No. 19-72426 |
| Petitioner, | Agency No. A208-598-666 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2021[**]
Pasadena, California

Before: KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Wisam Ablahad Asso petitions for review the Board of Immigration

Appeals' ("BIA") order dismissing an appeal from the decision of the Immigration

Judge denying asylum, withholding of removal, and Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

Our review is limited—factual findings supporting the BIA's decision that an applicant has not established eligibility for asylum, withholding of removal, or relief under CAT are reviewed for substantial evidence. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). In order to reverse the BIA, the evidence must compel a different conclusion from the one reached by the BIA. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

Asso argues that the BIA improperly concluded that the evidence he submitted was insufficient to establish that the conditions of his residence in Mexico were too restricted for him to be resettled. Specifically, Asso argues that the BIA improperly discounted his principal evidence, an article documenting refugee conditions in Mexico. While it is true that the article is actually dated 2007—and not undated as the BIA asserted—an article over a decade old could still be found unpersuasive. The BIA did consider the article and did find it insufficient to rebut the prima facie evidence of firm resettlement—the grant of asylum by Mexico. Nothing in the record compels a contrary result. *See id.*

Asso additionally challenges the BIA's determination that his entry into Mexico was not a necessary consequence of his flight from persecution. Asso asserts that individuals fleeing persecution are often unable to find safety in the first country that they arrive at. While this may be true, it does not apply to Asso's travel to Mexico. Before entering Mexico, Asso lived safely in Germany, receiving government assistance for food and housing, and was never told to leave. As such, we cannot say that Asso's entry into Mexico was a "necessary consequence" of his flight from persecution. *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 972 (9th Cir. 2020).

Asso also challenges the BIA's denial of withholding of removal. In particular, he asserts that the BIA erred in determining that he had failed to meet his high burden of demonstrating a pattern or practice of persecution against Iraqi Christians. While Asso did present evidence of violence against Christians in Iraq—perhaps enough that a different fact finder might have found the other way—our review does not permit us to substitute our judgment for that of the BIA's. *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). And the fact that Asso's brother, also a Christian, returned to Iraq six months prior to Asso's merits hearing and had suffered no harm undercuts his withholding of removal claim.

*Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Additionally, Asso himself returned for visits to Iraq several times, which the BIA was entitled to consider as evidence undermining his persecution claim. *Id.*

Finally, Asso contends that substantial evidence does not support the BIA's denial of relief under the Convention Against Torture. As with the withholding of removal claim, Asso presented evidence of human rights abuses committed by Muslim extremist groups against religious and ethnic minorities in Iraq. We do not find, however, that the evidence compels us to overturn the BIA's determination that Asso will not more likely than not be tortured in Iraq. *Id.* at 1095.

**PETITION DENIED**